1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11 | JE. H., et al.,              ) Case  No. CV 14-9874 CAS(JC)

12           Petitioners,  ) ~~(PROPOSED)~~

13           v.        ) ORDER DISMISSING ACTION
) WITHOUT PREJUDICE

14 COUNTY OF LOS ANGELES
15 DEPARTMENT OF CHILDREN
AND FAMILY SERVICES,
16

17           Respondent.

18

## I.    SUMMARY

19

20 On December 29, 2014, petitioners, captioned as Je. H. and Er. H.

21 ("petitioners"), filed the original petition for writ of habeas corpus purporting to

22 remove an ongoing state court proceeding involving the termination of petitioners'

23 custodial rights to eight children who were taken from petitioners and placed in the

24 protective custody of the named respondent, the County of Los Angeles

25 Department of Children and Family Services.  On January 14, 2015, petitioners

26 filed the operative First Amended Petition for Writ of Habeas Corpus ("Petition"),

27 essentially seeking the release of the eight children to petitioners' custody based on

28 alleged violations of petitioners' constitutional rights, naming Philip L.

1 Browning – the Director of the Los Angeles County Department of Children and
2 Family Services – as the respondent.  Petitioners also seek a stay of state court
3 parental termination proceedings ("motion to stay").

4 **II.      DISCUSSION**

5          **A.      The Court Is Without Subject Matter Jurisdiction**

6          The district court has the power and the duty *sua sponte* to raise the
7 adequacy of an applicant's standing to bring suit and the existence of subject
8 matter jurisdiction.  Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th
9 Cir. 2002); Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir. 1994).  "If the court
10 determines at any time that it lacks subject matter jurisdiction, the court must
11 dismiss the action."  Fed. R. Civ. P. 12(h)(3); Franklin v. State of Oregon, State
12 Welfare Division, 662 F.2d 1337, 1342 (9th Cir. 1981).

13          The Court lacks subject matter jurisdiction to entertain the Petition under
14 any of the habeas corpus statutes.  Under 28 U.S.C. § 2254, a federal court "shall
15 entertain an application for a writ of habeas corpus . . . only on the ground that [the
16 applicant] is in custody in violation of the Constitution or the laws or treaties of the
17 United States."  28 U.S.C. § 2255 permits a habeas petition by a "prisoner in
18 custody under sentence of a court established by Act of Congress claiming the
19 right to be released upon the ground that the sentence was imposed in violation of
20 the Constitution or laws of the United States."  Similarly, 28 U.S.C. § 2241 extends
21 habeas corpus rights to "prisoners" in custody under specified circumstances.
22 Therefore, in order to establish subject matter jurisdiction for purposes of habeas
23 review, the applicant must be in custody.

24          Here, the Petition alleges that Los Angeles County Department of Children
25 and Family Services has illegally taken eight children from their parents,
26 petitioners, effectively depriving the petitioners of their constitutional rights.  The
27 status of the children, however – the apparent predicate for proceeding by way of a
28 petition for writ of habeas corpus – does not rise to the level of "custody" required

1  by the habeas statutes.  See Lehman v. Lycoming County Children's Services

2  Agency, 458 U.S. 502, 512-16 (1982) ("extending the federal writ to challenges to

3  state child-custody decisions – challenges based on alleged constitutional defects

4  collateral to the actual custody decision – would be an unprecedented expansion of

5  the jurisdiction of the lower federal courts"); see also Bell v. Department of Social

6  and Health Services, 382 Fed. Appx. 669, 670 (9th Cir. 2010) (affirming district

7  court's ruling that it lacked jurisdiction to adjudicate habeas petitioner's challenge

8  to constitutionality of state's termination of his parental rights and placement of his

9  children in foster facilities) (citing id.); Cucalon v. Rice, 317 Fed. Appx. 602, 603

10  (9th Cir. 2008) ("state court judgments concerning child custody matters are

11  beyond the purview of habeas corpus.") (citing Lehman); Anderson v. Department

12  of Children and Family Services, 2015 WL 1541513, *1 n.1 (C.D. Cal. Apr. 3,

13  2015) ("[A] petitioner may not invoke federal habeas corpus jurisdiction to

14  challenge state parental rights or child custody proceedings.") (citation omitted);

15  Meza v. Riley, 2011 WL 3565243 (C.D. Cal. July 5, 2011) ("Because neither

16  Petitioner nor her daughter are prisoners in state or federal custody within the

17  meaning of the statute, the Court lacks subject matter jurisdiction to entertain the

18  [federal habeas] Petition."), report and recommendation adopted, 2011 WL

19  3565241 (C.D. Cal. Aug. 12, 2011).[1]

20       **B.     A Guardian Ad Litem Must Be Appointed**

21       Additionally, petitioners' eight children appear to be minors.  State law

22  generally provides that litigation on behalf of minors ordinarily must be conducted

23  through a guardian ad litem.  If no guardian has been appointed for the minor, the

24  _____

25       [1]Furthermore, under Younger v. Harris, 401 U.S. 37 (1971), abstention is appropriate

26  here in light of the pending state court proceedings to which petitioners allude in the Petition and
the motion to stay.  See Bell, 382 Fed. Appx. at 670 (agreeing with district court determination

27  that even if it had jurisdiction to challenge constitutionality of state's termination of habeas
petitioner's parental rights and placement of his children in foster facilities, Younger abstention

28  would be appropriate).

1 | federal court will appoint a guardian ad litem. Fed. R. Civ. P. Rule 17(c).

2 | Petitioners, the parents of the children and non-attorneys, appear to have filed the

3 | Petition to challenge the children's custodial status and to act, at least in part, on

4 | behalf of their children. The Court notes that petitioners failed to file an

5 | Application to be Appointed Guardian Ad Litem. Even assuming that petitioners

6 | had filed such an Application, a non-attorney guardian for a minor must re

7 | represented by counsel. See Johns v. County of San Diego, 114 F.3d 874, 876-77

8 | (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th

9 | Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own

10 | behalf, that privilege is personal to him. He has no authority to appear as an

11 | attorney for others than himself.") (internal citation and citations omitted).

## III. ORDER

In accordance with the foregoing, the Court dismisses this action for lack of subject matter jurisdiction and denies the motion to stay as moot.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 27, 2015

_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE